

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,122-02

### EX PARTE ERNESTO BERLANGA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 05-CR-00001870-A IN THE 107TH DISTRICT COURT FROM CAMERON COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life imprisonment.

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal. Apparently, trial counsel gave oral notice that Applicant wanted to appeal, and believed that appellate counsel would be appointed to file written notice of appeal. However, because written notice of appeal was not filed before trial counsel was allowed to

withdraw, appellate counsel was not timely appointed. Although trial counsel filed a written notice of appeal several months later, the court of appeals dismissed Applicant's appeal as untimely.

The trial court has determined that counsel failed to timely file a notice of appeal. We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 05-CR-00001870-A from the 107th District Court of Cameron County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

While this application was pending in the trial court, Applicant filed another application for writ of habeas corpus, challenging the merits of this conviction. Because this Court is granting Applicant an out-of-time appeal in this case, the claims raised in his other application are not yet ripe for resolution. Therefore, that application is dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: November 19, 2014
Do not publish